UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| **CHURCHILL FUNDING I REO LLC** § <br> § <br> **Plaintiff,** § <br> § <br> v. § <br> § <br> **ASH SHAH, SRINIVAS R. DODDA,** § <br> **MEETU BHATNAGAR, KAPIL** § <br> **MISHRA, MURLAI KODEMALA,** § <br> **SREERAM BAZARU, SRIDHAR** § <br> **SANNIDHI, SURYA MANTENA, and** § <br> **PRINCETON LUXURY APARTMENTS** § <br> **MGR LLC** § <br> § <br> **Defendants.** § | **Cause No. _____** |

## PLAINTIFFS' COMPLAINT

Plaintiff Churchill Funding I REO LLC ("Plaintiff"), as assignee of Churchill Funding I LLC ("Churchill"), files this *Complaint* against Defendants Ash Shah ("Shah"), Srinivas R. Dodda ("Dodda"), Meetu Bhatnagar ("Bhatnagar"), Kapil Mishra ("Mishra"), Murlai Kodemala ("Kodemala"), Sreeram Bazaru ("Bazaru"), Sridhar Sannidhi ("Sannidhi"), Surya Mantena ("Mantena"), and Princeton Luxury Apartments MGR LLC ("MGR" and together with the other defendants, the "Defendants")[1] in connection with breaches of guaranty obligations. In support, Plaintiff alleges upon information and belief, as follows:

### NATURE OF THE ACTION

1. This is an action to recover liquidated damages under a Guaranty of Completion made by Defendants in connection with the failure to complete construction of an apartment complex in Princeton, Texas. Far short of completing the complex, the Borrower and Defendants breached the underlying loan documents and are on notice that City of Princeton has begun

---
[1] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Loan Agreement (as defined below).

efforts to potentially demolish certain of the incomplete buildings. Because the Borrower is unable to complete construction of the apartment complex, Plaintiff is entitled to collect liquidated damages from Defendants related to the completion of the complex.

## PARTIES

2. Plaintiff Churchill Funding I REO LLC is a Delaware Limited Liability Company, headquartered at 450 West 14th Street, 9th Floor, New York, New York 10014.

3. Plaintiff Churchill Funding I REO LLC is a citizen of New York and North Carolina as it is wholly owned by Churchill Originations LLC, which in turn is wholly owned by Churchill Finance LLC. All of Churchill Finance LLC's members are domiciled in, and citizens of, New York or North Carolina.

4. Defendant Ash Shah is an individual who is domiciled in, and a citizen of, Texas. Shah may be served at his principal residence located at 13810 Hampton Cove Drive, Houston, TX 77077.

5. Defendant Srinivas R. Dodda is an individual who is domiciled in, and a citizen of,in Texas. Dodda may be served at his principal residence located at 110 Horseshoe Bend, Fairview, TX 75069.

6. Defendant Meetu Bhatnagar is an individual who is domiciled in, and a citizen of in Texas. Bhatnagar may be served at her principal residence located at 10003 Bluewater Terrace, Irving, TX 75063.

7. Defendant Kapil Mishra is an individual who is domiciled in, and a citizen of in Massachusetts. Mishra may be served at his principal residence located at 3 Heron View Road, Acton, MA 01720.

8. Defendant Murali Kodemala is an individual who is domiciled in, and a citizen of in Texas. Kodemala may be served at his principal residence located at 13483 Grand Arbor Lane, Frisco, TX 75035.

9. Defendant Sreeram Bazaru is an individual who is domiciled in, and a citizen of in Texas. Bazaru may be served at his principal residence located at 2716 North Umberland Drive, Lewisville, TX 75056.

10. Defendant Sridhar Sannidhi is an individual who is domiciled in, and a citizen of in Texas. Sannidhi may be served at his principal residence located at 3605 Cathedral Lake Drive, Frisco, TX 75034.

11. Defendant Surya Mantena (f/k/a Surya Menta) is an individual who is domiciled in, and a citizen of in Texas. Mantena may be served at his principal residence located at 4011 Munira Drive, Frisco, TX 75035.

12. Princeton Luxury Apartments MGR LLC ("MGR") is a Texas limited liability company with its principal place of business in Princeton, TX and may be served with this Complaint and citation at its principal place of business, 599 W Princeton Dr., US Hwy 380, Princeton, Texas 75407. MGR is a citizen of Texas and Massachusetts as its members are JMD Acquisitions, LLC ("JMD"), Grow Wealth 2 Retire LLC ("GW2R"), S&M Capital LLC ("S&M"), Pavanya Investments LLC ("Pavanya"), Sparklight Capital LLC ("Sparklight"), Vinod Bajjuri, Dodda, and Shah.

13. JMD's sole member is Bhatnagar, an individual citizen of Texas.

14. GW2R's sole member is Sannidhi, an individual citizen of Texas.

15. S&M's members are Bazaru and Kodemala, both individual citizens of Texas.

16. Pavanya' sole member is Mantena, an individual citizen of Texas.

17. Sparklight's sole member is Mishra, an individual citizen of Massachusetts.

18. Vinod Bajjuri is an individual who is domiciled in, and a citizen of, Irving, Texas.

## JURISDICTION AND VENUE

19. The Court has jurisdiction over this action under 28 U.S.C. § 1332(a) because there is complete diversity between Plaintiff and Defendants, and the amount in controversy exceeds $75,000.

20. Pursuant to the Guaranty of Completion (the "Guaranty") at issue in this action, the Defendants have consented to the jurisdiction and venue of this Court.

## FACTUAL BACKGROUND

### A. The Loan Agreement and Guaranty Obligations

21. On or around December 22, 2021, Churchill and Princeton Luxury Apartments LLC ("PLA") entered into a Construction Loan Agreement (the "Loan Agreement"), under which Churchill extended a loan in the principal amount of $37,000,000.00 to PLA.

22. The principal purpose of the Loan Agreement was to provide funding for PLA to construct a 12-building multifamily luxury apartment complex located at 599 W Princeton Dr., US Hwy 380, Princeton, Texas 75407 (the "Princeton Apartment Complex").

23. In connection with the Loan Agreement, PLA executed a Promissory Note (the "Note"), dated December 22, 2021, in favor of Churchill in the principal amount of $37,000,000.00, which loan was secured by a Deed of Trust, Assignment of Leases and Rents, Security Agreement and Fixture Filing and Assignment of Leases (the "Deed of Trust").

24. On or around the same date of execution of the Loan Agreement, and as consideration and an inducement for Churchill to enter into the Loan Agreement and furnish funds to Princeton, Defendants entered into the Guaranty of Completion (the "Guaranty").

25. In Article 1.1 of the Guaranty, the Defendants jointly and severally, absolutely, unconditionally, and irrevocably guaranteed to Churchill and its respective successors and assigns, the payment and performance of "Guaranteed Obligations" under the Loan Agreement, Note, Deed of Trust, and other loan documents as defined in the Loan Agreement.

26. Further, the Defendants irrevocably and unconditionally agreed that they are fully and individually liable for the Guaranteed Obligations.

27. Under Article 1.2(a) of the Guaranty, the Defendants unconditionally guaranteed full, prompt, and complete performance by PLA pertaining to PLA's obligations with respect to the design, permitting, installation, construction, and completion of the Princeton Apartment Complex.

28. Defendants further guaranteed that, subject to the terms of the Loan Agreement and other loan documents, construction of the Princeton Apartment Complex would be completed on or before the "Completion Date."

29. The "Completion Date" is defined in the Loan Agreement as August 22, 2023, subject to a Force Majeure Event.

30. Defendants further agreed that, subject to the terms of the Loan Agreement and other loan documents, the Princeton Apartment Complex would be constructed, installed, and completed free and clear of any liens (other than liens granted to Churchill and other permitted encumbrances).

31. Pursuant to the terms of the Guaranty, lien-free completion of the Princeton Apartment Complex is deemed to have occurred *only* upon certain conditions, including Churchill's receipt of evidence of completion of the Princeton Apartment Complex as Churchill deems necessary and satisfactory in its sole discretion.

**B. PLA Breached the Loan Agreement**

32. Since 2023, the Princeton Apartment Complex has been abandoned. It has failed an inspection by the City of Princeton, and the city has openly said that the unfinished structures threaten the public health, safety, and welfare of the community.

33. On information and belief, the former contractor hired to construct the Princeton Apartment Complex ceased working on the complex altogether in May 2023.

34. The Loan Agreement matured on December 22, 2023 (the "Maturity Date"), at which time all payments of principal, interest and all other amounts outstanding under the Notes and the Loan Agreement became due and owed in full by PLA.

35. PLA failed to pay in full its debts on the Maturity Date as required under the Loan Agreement, constituting an Event of Default under § 14.1 (a)(i) of the Loan Agreement.

36. Churchill, the Borrower, and Defendants entered into that certain Forbearance Agreement, dated May 13, 2024 (the "Forbearance Agreement"), in which Churchill agreed to forbear from exercising certain rights and remedies if the Borrower and Defendants met certain conditions.

37. In the Forbearance Agreement, Defendants reaffirmed their obligations under the Guaranty.

38. The Forbearance Agreement provides, among other things, that:

> Upon the expiration or termination of the Forbearance Period, Lender has the immediate right to exercise any and all rights and remedies under the Loan

Agreement, the other Loan Documents and/or applicable law with respect to the Specified Default or any other Default or Event of Default.

39. The Guaranty is a Loan Document.

40. Just a few days later, the City of Princeton sent to the Borrower a Notice of Violation, dated on or about May 17, 2024, that advised the Borrower that, among other things, the City "deemed the structure(s) on the Property to be substandard, dangerous, a public nuisance, a potential hazard to the health, safety, and welfare of the general public, unfit for human habitation, and in violation of the Code" and that the City had "commenced proceedings to cause repair, rehabilitation, vacation, or demolition of the structure(s) on the Property."

41. Thereafter, on August 12, 2024, the City of Princeton, Texas held a public hearing regarding the Property and its disrepair, as well as potential demolition.

42. Based on these developments and the Borrower's and Defendants' failure to satisfy their obligations in the Forbearance Agreement, Churchill notified the Borrower and Defendants (and their counsel), via letter dated August 19, 2024, that the Forbearance Agreement had terminated.

43. On or around October 10, 2024, pursuant to two Assignment of Security Instruments documents filed and recorded in document numbers 2024000125212 and 2024000125213 in the real property records of Collin County, Texas, the Guaranty and other loan documents were assigned from Churchill (i.e., Churchill Funding I LLC) to Plaintiff (i.e., Churchill Funding I REO LLC). Plaintiff thus succeeded to all of Churchill's right, title, and interest in the Guaranty and other loan documents.

44. The City of Princeton held a public hearing to discuss the Borrower's failure to complete the project and its current disrepair on October 28, 2024.

45. On information and belief, the Borrower does not have the financial wherewithal to repay the Note and complete the project.

## COUNT I
### Breach of Guaranty Agreement

46. Plaintiff incorporates by reference the allegations in Paragraphs 1-37 as though fully set forth herein.

47. The Guaranty, together with the Loan Agreement, Note, and Deed of Trust, are binding contracts.

48. Under Article 1.3 of the Guaranty, if the Defendants fail to promptly commence and complete performance of the Guaranteed Obligations prior to the Maturity Date, or thereafter fail to diligently achieve completion of the Princeton Apartment Complex, as determined by Churchill (or Plaintiff as assignee of Churchill), Churchill (or Plaintiff as assignee of Churchill) may exercise certain enumerated remedies in addition to other remedies available to Churchill (or Plaintiff as assignee of Churchill) under the Loan Agreement, other loan documents, or applicable law.

49. Among these remedies, Article 1.3(c) of the Guaranty provides for liquidated damages to Churchill (or Plaintiff as assignee of Churchill) as follows:

> NOTWITHSTANDING ANYTHING TO THE CONTRARY CONTAINED HEREIN, IN ADDITION TO ALL OF LENDER'S OTHER RIGHTS HEREUNDER AND UNDER THE LOAN DOCUMENTS, WHETHER OR NOT LENDER SHALL ELECT TO COMPLETE THE CAPITAL EXPENDITURES WORK IN ACCORDANCE WITH CLAUSE (A) OF SECTION 1.3 ABOVE, LENDER SHALL HAVE THE OPTION, IN ITS SOLE DISCRETION, TO REQUIRE THAT GUARANTOR PAY (AS GUARANTORS' SOLE LIABILITY HEREUNDER IN SUCH EVENT) TO LENDER AS LIQUIDATED DAMAGES AN AMOUNT EQUAL TO THE EXCESS, IF ANY, OF (I) ALL OF THE COSTS INCURRED OR WHICH WOULD HAVE BEEN INCURRED IN CONNECTION WITH THE COMPLETION OF THE APPROVED CAPITAL EXPENDITURES WORK (EVEN IF LENDER DOES NOT INTEND TO SO COMPLETE THE APPROVED CAPITAL EXPENDITURES WORK) FREE OF LIENS AND IN

ACCORDANCE WITH THE APPROVED PLANS AND SPECIFICATIONS AND THE APPROVED CAPITAL EXPENDITURES BUDGET), INCLUDING, WITHOUT LIMITATION, INTEREST CHARGES, INSURANCE, TAXES AND ANY AND ALL OTHER OPERATING EXPENSES AND OTHER NORMAL COSTS WHICH WOULD HAVE TO BE INCURRED DURING THE TIME PERIOD NECESSARY TO ACHIEVE COMPLETION OF THE APPROVED CAPITAL EXPENDITURES WORK (AS SUCH TIME PERIOD IS DETERMINED BY THE CONSTRUCTION CONSULTANT) AND THOSE COSTS OCCASIONED BY, OR ARISING AS A RESULT OF, ANY EVENT OF DEFAULT UNDER ANY DOCUMENTS EVIDENCING, SECURING OR RELATING TO THE LOANS (IRRESPECTIVE OF THE ABSENCE OF ANY AMOUNT IN THE APPROVED CAPITAL EXPENDITURES BUDGET FOR A PARTICULAR ITEM OF SUCH COST), OVER (II) AN AMOUNT EQUAL TO THE UNDISBURSED PORTION OF THE LOANS ALLOCABLE TO ANY COST WHICH IS PART OF ANY GUARANTEED OBLIGATIONS AS OF THE EARLIER OF THE MATURITY DATE OR THE ACCELERATION OF THE LOAN FOLLOWING AN EVENT OF DEFAULT UNDER THE LOAN DOCUMENTS. FOR PURPOSES OF THIS PARAGRAPH, THE AFORESAID COSTS SHALL BE EQUAL TO THE AMOUNT OF SUCH COSTS AS ESTIMATED BY THE CONSTRUCTION CONSULTANT. ANY SUCH AMOUNT ESTIMATED BY THE CONSTRUCTION CONSULTANT AS AFORESAID SHALL BE PRIMA FACIE EVIDENCE THEREOF FOR PURPOSES OF DETERMINING GUARANTOR'S LIABILITY HEREUNDER, PROVIDED THAT THE CONSTRUCTION CONSULTANT HAS MADE SUCH ESTIMATE OR DETERMINATION IN GOOD FAITH. SUCH PAYMENT SHALL BE DUE NO LATER THAN TEN (10) BUSINESS DAYS FOLLOWING THE GIVING OF A WRITTEN DEMAND THEREFOR FROM LENDER. IT IS AGREED THAT IF LENDER SO ELECTS TO RECEIVE SUCH PAYMENT, ANY SUCH PAYMENT SHALL BE RETAINED BY LENDER AS LIQUIDATED DAMAGES. THE PARTIES ACKNOWLEDGE AND AGREE THAT THE ACTUAL DAMAGES OF LENDER IN SUCH EVENT WOULD BE EXTREMELY DIFFICULT OR IMPRACTICABLE TO DETERMINE. AFTER NEGOTIATION, THE PARTIES HAVE AGREED THAT, CONSIDERING ALL THE CIRCUMSTANCES EXISTING ON THE DATE OF THIS GUARANTY, THE LIQUIDATED DAMAGES AMOUNT AS DETERMINED IN ACCORDANCE WITH THE FOREGOING IS A REASONABLE ESTIMATE OF THE DAMAGES THAT LENDER WOULD INCUR IN THE EVENT THAT BORROWER HAS NOT TIMELY AND FULLY COMPLETED THE CONSTRUCTION OF THE CAPITAL EXPENDITURES WORK IN ACCORDANCE WITH THE PLANS AND LOAN DOCUMENTS. THE PAYMENT OF THE LIQUIDATED DAMAGES AMOUNT TO LENDER UNDER THE CIRCUMSTANCES PROVIDED FOR HEREIN IS NOT INTENDED AS A FORFEITURE OR PENALTY, BUT IS INTENDED TO CONSTITUTE LIQUIDATED DAMAGES TO LENDER.

50.     The liquidated damages provision thus requires payment by Defendants of:

    i.    all costs incurred or that would have been incurred in connection with the completion of the Princeton Apartment Complex, including interest charges, insurance, taxes, operating expenses, and other normal costs that would have been necessary to obtain completion of the complex, *minus*

    ii.    an amount equal to the undisbursed portion of the loans as of the maturity date of the Loan Agreement.

51.    On December 11, 2023, Churchill gave notice to the Borrower and Defendants of the maturity of the Note, which triggered Defendants' obligations under the Guaranty.

52.    Notwithstanding the Forbearance Agreement, Churchill sent notice of the termination of the Forbearance Agreement to the Borrower and Defendants (through counsel) on August 19, 2024.

53.    On December 15, 2023, Churchill obtained an estimate made in good faith from a construction consultant, The Vertex Companies, LLC, as required under the terms of Article 1.3(c).

54.    The estimate is prima facie evidence of Defendants' liabilities.

55.    The estimate provides for completion costs of not less than $52,500,995.00.

56.    As of the Maturity Date, $27,750,878.28 of the funds issued under the Loan Agreement remained undisbursed.

57.    Accordingly, the Guaranty provides for at least $24,750,116.72 in liquidated damages (the **"Liquidated Damages"**).

58.    Defendants have failed to timely pay the Liquidated Damages and have otherwise failed to perform their obligations under the Guaranty.

59.     Given these failures, Defendants are liable to Plaintiff as assignee of Churchill for the full amount of the Liquidated Damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for the following relief:

a)     that the Court enter judgment in favor of Plaintiff in an amount of not less than $24,750,116.72, plus interest thereon;

b)     award Plaintiff its attorneys' fees pursuant the Guaranty and the costs of collection, expenses and court costs incurred; and

c)     award Plaintiff such other and further relief as the Court deems just and proper.

Date: November 1, 2024                                      Respectfully Submitted,

**KING & SPALDING LLP**
*/s/ Kevin O'Brien*
Kevin J. O'Brien
1185 Avenue of the Americas
34th Floor
New York, NY 10036
Telephone: (212) 556-2100
Email: kobrien@kslaw.com

-and-

Thaddeus D. Wilson
(Pro Hac Vice Forthcoming)
1180 Peachtree St NE
Atlanta, GA 30309
Telephone: (404) 572-4600
Email: thadwilson@kslaw.com

-and-

R. Hale Neilson
(Pro Hac Vice Forthcoming)
1100 Louisiana St., Suite 4100
Houston, Texas 77002

Telephone: (713) 751-3200
Email: hneilson@kslaw.com

***Counsel for Churchill Funding I REO LLC***